

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-10-2003

# Clinton v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket 02-3045

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Clinton v. Comm Social Security" (2003). *2003 Decisions.* Paper 658.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/658

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 02-3045

———

PATRICK H. CLINTON,

Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 00-cv-4028)
District Judge: The Honorable John C. Lifland

———

Submitted under Third Circuit LAR 34.1(a)
January 16, 2003

Before: ROTH, FUENTES and ALDISERT, Circuit Judges.

(Filed: April 10, 2003)

———

OPINION OF THE COURT
———

ALDISERT, Circuit Judge.

This appeal by Patrick H. Clinton from a denial of Social Security benefits requires

us to decide if the Commissioner erred as a matter of law in applying an incorrect

"severity" standard, and in failing to conclude that a claimant who cannot perform his past relevant work has, by definition, a severe impairment. We must also decide whether there was substantial evidence supporting the Commissioner's determination.

Because the parties are familiar with the facts and the administrative proceedings and the appeal to the district court, we will discuss only the legal issues.

The Social Security Administration utilizes a five-step sequential procedure for evaluation of disability claims:

> The first two steps involve threshold determinations that the claimant is not presently working and has an impairment which is of the required duration and which significantly limits his ability to work. 20 C.F.R. §§ 416.920(a)-416.920(c) (1989). In the third step, the medical evidence of the claimant's impairment is compared to a listing of impairments presumed severe enough to preclude gainful work. 20 C.F.R. § pt. 405, sub pt. P, App.1 (pt. A) 1989. If the claimant's impairment matches or is "equal" to one of the listed impairment, he qualifies for benefits without further inquiry. 20 C.F.R. § 419.920(d). If the claimant cannot qualify under the listings, the analysis proceeds to the fourth and fifth step. At these steps, the inquiry is whether the claimant can do his own past work or any other work that exists in the national economy, in view of his age, education, and work experience. If the claimant cannot do his past work or other work, he qualified for benefits. 20 C.F.R. §§ 416.920(e)-416.920(f).

Sullivan v. Zebley, 493 U.S. 521, 525-526 (1990).

Clinton argues that the Administrative Law Judge (ALJ) applied the wrong "severity" standard at step two of the sequential evaluation. In rejecting the same argument, the district court reasoned:

> This is a misapplication of the law. The "slight abnormality" language in SSR 96-3p is merely a clarification of the legal standard articulated in 20 C.F.R. § 404.1520(c). The existence of a slight abnormality is a necessary but insufficient condition for a finding of severe impairment. The mere fact that a slight abnormality exists does not warrant the finding of a severe impairment. A finding of severe impairment is

made only if Clinton can establish that his slight abnormality significantly limited his abilities to perform basic work activities. As demonstrated by substantial evidence in the record, Clinton did not make such a showing here.

D.C. Op. at 13, App at 36.

The Commissioner's regulation concerning the legal standard of the second step states:

If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled.

20 C.F.R. § 404.1520(c).

Indeed, the ALJ stated that the "second step in the sequential evaluation queries whether the claimant has a medically determinable impairment or combination of impairments which significantly limit one's physical and/or mental ability to perform basic work activity." Tr. at 19.

The basic term "disability" is defined in the relevant statute as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . . ." 42 U.S.C. § 423(d). Thus, the regulation provides that a person is not disabled if he does not have an impairment (or a combination of impairments) that "significantly limit" his ability to do "basic work activities." Basic work activities are defined as the "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b).

The ALJ applied the correct legal standard. He stated initially that Clinton's problem in this case is his "inability to produce persuasive evidence of disability in that

3

period." Tr. at 16. He concluded that "the record is lacking sufficient medical evidence to establish[] any severe impairment that imposed significant limitations on the claimant's ability to perform basic work activity at any time between January 20, 1987 and March 31, 1994." Id. at 19.

Distilled to its essence, Appellant is arguing that his impairments are more than a slight abnormality because he could not perform his past relevant work and, hence, that his impairment is severe. This argument sweeps too broadly. To qualify as a severe impairment, "[t]he physical or mental impairment must be of a nature and degree of severity sufficient to justify its consideration as the cause of failure to obtain any substantial gainful work." Bowen v. Yuckert, 482 U.S. 137, 147 (1987) (citations omitted). We are satisfied that he did not make the necessary showing. We are satisfied also that substantial evidence supports the factual determinations.

* * * * *

We have considered all contentions advanced by the parties and conclude that no further discussion is necessary.

The judgment of the district court will be affirmed.

———

TO THE CLERK:

Please file the foregoing opinion.

4

/s/ Ruggero J. Aldersert
Circuit Judge


DATED: April 10, 2003